**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **H.S.** | **:** | |
| | **:** | |
| **Petitioner,** | **:** | |
| | **:** | |
| v. | **:** | **Case No. 4:26-cv-709-CDL-CHW** |
| | **:** | **28 U.S.C. § 2241** |
| **UNITED STATES ATTORNEY** | **:** | |
| **GENERAL,** *et al.*, | **:** | |
| | **:** | |
| **Respondents.** | **:** | |
| | **:** | |

## ORDER AND RECOMMENDATION

The Court received Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 on April 27, 2026 (ECF No. 1). Because Petitioner had a prior pending § 2241 application, the Court ordered Petitioner to show cause why the above-styled case should not be dismissed as duplicative. (Doc. 4). Petitioner responded and argued that the current petition requested distinct relief and therefore should be allowed to move forward. (Docs. 9, 10). He also requested an emergency hearing. (Doc. 7). As explained below, it is **RECOMMENDED** that this case be **DISMISSED without prejudice** as duplicative of his prior case. Petitioner's emergency motion for hearing (Doc. 7) is **DISMISSED as moot**.

Petitioner filed his first §2241 application with the assistance of counsel. *H.S. v. Warden,* 4:26-cv-131-CDL-CHW (M.D. Ga., Jan. 23, 2026) ("*H.S. I*"). Because Petitioner is subject to a final order of removal and currently had not been detained for six months as contemplated by *Zadyvdas v. Davis*, 533 U.S. 678 (2001), it was recommended that

Respondent's motion to dismiss be granted and the application be dismissed. *See H.S. I* (Doc. 8). After the recommendation was entered, Petitioner's counsel asked to withdraw and Petitioner made the same request, which was granted. *Id*. (Docs. 14, 16, 18). Therefore, Petitioner is now proceeding *pro se* in all the cases he has pending before the Court. As of the drafting of this recommendation, the recommendation of dismissal in *H.S. 1* remains pending.

Petitioner filed the instant petition in April 2026 and requested that he be granted a bond hearing instead of release pursuant to *Zadvydas*. (Doc. 1). Petitioner also complained that former counsel failed to include several important details about his history and prior interaction with ICE since he was first ordered removed in 1986. (Docs. 9, 10). Petitioner argues that these distinctions mean the current application is not duplicative of his first case (*Id*.), but many of the facts and circumstances that Petitioner now argues were omitted from his first application were in fact included by Petitioner's former counsel.[1] Additionally, the motion to dismiss in *H.S. I* included more information about Petitioner's immigration history. *H.S. I* (Doc. 5). Despite Petitioner's fervent arguments, these distinctions and the request for different relief do not establish that these are two distinct §2241 applications. Petitioner has filed two § 2241 applications concerning the same detention before the presumptively reasonable six-month detention period, as contemplated by *Zadvydas*,

---

[1] For example, Petitioner attached a 2003 letter to his current application which explains that no Iranian travel documents will be issued for him unless an original birth certificate and passport are provided. (Doc. 1-1, p. 4). He argues that the prior application failed to discuss this fact. (Doc. 10, p. ¶ 2). This document was plainly attached to Petitioner's application in his first § 2241 case. *H.S. I* (Doc. 1-3).

expired. Nothing that Petitioner proffered in response to the show cause order prevents dismissal of this action as duplicative of *H.S. I*.[2]

Based on the foregoing, it is **RECOMMENDED** that this case be **DISMISSED** as duplicative of his previously pending case.[3] Petitioner's emergency motion for hearing (Doc. 7) is **DISMISSED as moot**.

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof. Any objection is limited in length to **TWENTY (20) PAGES.** *See* M.D. Ga. L.R. 7.4. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the

---

[2] Petitioner has now filed a third § 2241 application seeking release pursuant to *Zadvydas. See H.S. v. United States Atty Gen.,* 4:26-cv-942-CDL-CHW (M.D. Ga., June 16, 2026).

[3] One circumstantial difference between when Respondent moved to dismiss *H.S.I* in February 2026 and the present, a difference that Petitioner has also noted, is that the United States and Iran have been engaged in armed conflict. As to Petitioner's third application, which was filed after the six-month *Zadvydas* period, this change may affect the likelihood of removal, especially considering the length of time that has passed since Petitioner's order of removal became final.

consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED**, this 18th day of June, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge